UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CELIS, V74892,<br>　　　　　Plaintiff,<br>　　v.<br>R. RUIZ, et al.,<br>　　　　　Defendant(s). | Case No. 19-cv-00920-CRB (PR)<br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF FAILURE TO PROPERLY EXHAUST**<br>(ECF No. 22) |

Currently before the court for decision is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA). For the reasons that follow, the motion will be granted.

**STATEMENT OF THE CASE**

On February 2, 2019, plaintiff, a prisoner at Salinas Valley State Prison (SVSP), filed a pro se complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his health and safety by several correctional and medical officials at SVSP. ECF No. 1.

Plaintiff alleges that on November 23, 2017, Correctional Officer R. Ruiz acted with deliberate indifference to plaintiff's health and safety when, in an attempt to stop an assault on plaintiff by another prisoner, Ruiz fired a rubber bullet at close range and without warning hitting plaintiff on the head and causing him serious head injury. Id. at 6. Plaintiff further alleges that doctors Steven Virant, Carl Bourne and Anthony Huyuth, and Chief Medical Officer Bright, have been deliberately indifferent to his serious medical needs by failing to properly address and treat his repeated complaints of severe headaches, dizziness and memory loss. Id. at 8-12

Defendants move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the PLRA. ECF No. 22. Plaintiff did not file an opposition despite being advised to do so.

**STATEMENT OF UNDISPUTED FACTS**

On January 8, 2018, plaintiff filed grievance SVSP-18-000156, which alleged that Ruiz used inappropriate or excessive force by shooting plaintiff with a rubber foam bullet during an altercation between plaintiff and another prisoner on November 27, 2017. ECF No. 22, Spaich Decl., Ex. B at 3-6. The grievance bypassed the first level of review and was processed as a staff complaint at the second level of review. Id. at 7-8. On February 4, 2018, the grievance was denied at the second level. Id. The second level response found that Ruiz did not violate California Department of Corrections and Rehabilitation (CDCR) policy and noted that plaintiff was interviewed about the issue, and his only statement in support of his claim was "no comment." Id. Plaintiff appealed the denial to the third level of review. At the third level, the office of appeals received plaintiff's appeal on March 1, 2018 but cancelled it on the ground that plaintiff exceeded the time limits to submit the appeal despite having the opportunity to do so within the prescribed time limits. Id. at 2. The letter informing him of the cancellation decision advised the he could separately appeal the cancellation decision. Id. Plaintiff did not do so. Id. at Ex. A.

On November 28, 2018, plaintiff filed healthcare grievance SVSP-HC-18002544, asserting that he was shot with a rubber foam bullet on November 27, 2017, requesting an MRI, and claiming that medical staff violated his constitutional rights by denying the MRI. ECF No. 22, Gates Decl., Ex. B at 4-5. He received a response from the institutional level – the first level of review – stating that no intervention by the institution was necessary. Id. at 2-3. The response also notified plaintiff that he could appeal the decision by submitting his grievance to the headquarters level, and the headquarters level review would constitute the final disputation and exhaust his administrative remedies. Id. Plaintiff did not appeal to the headquarters level. Id. at Ex. A.

**DISCUSSION**

A. <u>Standard of Review</u>

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."

Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

B. Analysis

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Ngo, 548 U.S. at 93. A prisoner not only must pursue every available step of the prison appeal process but also must adhere to "deadlines and other critical procedural rules" of that process. Id. at 90. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

A prisoner must "exhaust his administrative remedies prior to sending his complaint to the district court." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (emphasis added). He cannot comply with the PLRA's exhaustion requirement "by exhausting available administrative remedies during the course of the litigation." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (citation omitted).

CDCR provides any prisoner or parolee under its jurisdiction the right to appeal "any

3

policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). CDCR's appeal process consists of three levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts CDCR's appeal process by obtaining a decision from the third level of appeal review. Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). A cancelation or rejection of an appeal does not exhaust available administrative remedies. Cal. Code Regs. tit. 15, § 3084.1(b). A cancelled appeal may later be accepted if a determination is made that the cancellation was in error or new information is received that makes the appeal eligible for further review. Id. § 3084.6(a)(3). A prisoner therefore must appeal the decision to cancel an appeal in order to exhaust. See id. § 3084.6(e).

To submit a grievance, an inmate must use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). Each grievance is limited to one issue or related set of issues. Id. § 3084.2(a)(1). A grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (citation and internal quotation omitted).

Prisoners also may file complaints regarding healthcare policies, decision, actions, conditions, or omissions using a CDCR Form 602. Cal. Code Regs. tit. 15, § 3999.226, 3999.227(a). Such complaints are subject to two levels of review – an institutional level of review and a headquarters level of review. Id.

There are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Third, an administrative remedy is not available "when prison administrators thwart inmates from taking

4

advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

The evidence submitted by defendants shows that plaintiff did not file an appeal challenging the cancellation of SVSP-18-000156 or an appeal challenging the denial of SVSP-HC-18002544. In both instances, the responses to plaintiff's grievances informed him of the steps he needed to take in order to exhaust available administrative remedies but he failed to do so. There is no evidence that plaintiff was prevented from taking these steps by officers unable or unwilling to provide any relief, that the administrative scheme was incapable of use, or that he was thwarted by prison administrators from taking advantage of the grievance process. See id. at 1859-60.

In sum, the evidence submitted by defendants meets their burden of proving that there was an available administrative remedy that plaintiff failed to properly exhaust in connection with his § 1983 claims before filing this action. See Albino, 747 F.3d at 1172. The burden then shifted to plaintiff to present evidence that there was something in this particular case that made existing and generally available administrative remedies effectively unavailable to him. See id. Plaintiff did not do so. Accordingly, defendants are entitled to summary judgment under Rule 56. See id. at 1166.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (ECF No. 22) on grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit is GRANTED and, pursuant to the law of the circuit, plaintiff's claims are DISMISSED without prejudice.

**IT IS SO ORDERED**.

Dated: October 23, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CELIS,<br><br>        Plaintiff,<br><br>    v.<br><br>R. RUIZ, et al.,<br><br>        Defendants. | Case No. 3:19-cv-00920-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miguel A. Celis ID: V74892
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960


Dated: October 23, 2019


                                          Susan Y. Soong
                                          Clerk, United States District Court

                                          By:_____
                                          Lashanda Scott, Deputy Clerk to the
                                          Honorable CHARLES R. BREYER